UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DeANDRE D. HARRIS,<br><br>   Petitioner,<br><br>   v.<br><br>JEREMY BEAN, *et al.*,<br><br>   Respondents. | Case No. 2:22-cv-00661-ART-NJK<br><br>ORDER |

In this habeas corpus action, Petitioner DeAndre D. Harris, represented by appointed counsel, filed an amended habeas petition on October 23, 2023. (ECF No. 23.) Respondents were then due to file a response to the amended petition by December 22, 2023. (*See* ECF No. 13.) On December 18, 2023, Respondents filed a Motion to Seal (ECF No. 24) requesting that "this case" be sealed. Respondents also filed a motion for extension of time (ECF No. 25) requesting that the time for them to respond to Harris's amended petition be extended to a date after the resolution of the Motion to Seal. The Court granted Respondents' motion for extension of time and suspended Respondents' response to the amended petition until the Motion to Seal is resolved. (ECF No. 26.)

Respondents state in the Motion to Seal that some of the witnesses to the crimes at issue in this case may have been minors at the time of the crimes and that their names appear throughout the state court record. (*See* ECF No. 24.) Respondents state that "[t]he Eighth Judicial District sealed Harris's criminal and post-conviction cases for a reason not known by Respondents." (*Id.* at 2.) As the Court understands Respondents' motion, they indicate that, the record on appeal was not sealed on Harris's direct appeal, but that "Harris did not file the complete trial record in his direct appeal." (*Id.*) As for the record on appeal in Harris's state habeas action, Respondents state: "certain volumes of appendices from the

1

postconviction appeal cannot be accessed online, and certain documents are sealed or redacted." (*Id.*) Respondents state that it would cause them undue delay if they must file the entire state court record with redactions, so they argue that this case—apparently meaning the entire state court record—should be sealed in its entirety. (*Id.* at 2–4.) Harris responded to Respondents' Motion to Seal on January 1, 2024, taking no position with respect to it. (ECF No. 27.)

While there is a strong presumption in favor of public access to judicial filings and while courts prefer that the public retain access them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Local Rule IC 6-1(a)(2) states:

> (a) Parties must refrain from including—or must partially redact, where inclusion is necessary—the following personal-data identifiers from all documents filed with the court, including exhibits, whether filed electronically or in paper, unless the court orders otherwise:
>
> (2) Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.

LR IC 6-1(a)(2). Local Rule IA 1-4 states:

> The court may sua sponte or on motion change, dispense with, or waive any of these rules if the interests of justice so require.

LR IA 1-4.

Respondents have not made a showing of compelling reasons to file the entire state court record under seal. Under the circumstances here, the Court determines that wholesale sealing of the state court record would impinge upon the public's access to judicial filings and could cause undue delay and unnecessarily hamper Harris's litigation of this case.

The Court will grant Respondents' motion in part and deny it in part. The Court will require Respondents to file the record as it was filed in the Nevada appellate courts on Harris's direct appeal and the appeal in his state habeas action. Documents filed under seal in the Nevada appellate courts must be filed under seal in this action. Documents filed in redacted form in the Nevada appellate courts must be filed in the same redacted form in this action. To the extent that the filing of the record as it was filed in the Nevada appellate courts conflicts with the mandate of Local Rule IC 6-1(a)(2), that local rule is waived. For the time being at least, the Court will not require Respondents to file any of the state court record other than what was filed in the Nevada appellate courts. Going forward, either party may file any other document from the state court record as an exhibit, as in the usual case. If the party determines that redaction or sealing of a particular exhibit is called for under Local Rule IC 6-1(a)(2), the party should redact the exhibit, request leave to file the exhibit under seal, or request a waiver of Local Rule IC 6-1(a)(2) with respect to the exhibit.

It is therefore ordered that Respondents' Motion to Seal (ECF No. 24) is granted in part and denied in part, as is explained above.

It is further ordered that Respondents will have 120 days from the date of entry of this order to file and an answer or other response to the amended petition for writ of habeas corpus.

DATED THIS 24th day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3